UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                               :
LASALLE BANK, N.A., as Trustee,    :
                                               :   CASE NO. 1:07-CV-2733
            Plaintiff,                      :
                                               :
vs.                                           :   OPINION & ORDER
                                               :   [Resolving Docs. No. 1, 12]
MERCEDES LYONS,                 :
                                               :
            Defendant.                    :
                                               :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 10, 2007, Plaintiff LaSalle Bank, N.A. ("LaSalle") filed a complaint against the Defendant for foreclosure on the property located at 3593 E.129th Street, Cleveland, OH 44105. [Doc. 1-1.] The Plaintiff claimed that this Court possessed subject matter jurisdiction over the case based on federal diversity jurisdiction. *Id.* The Plaintiff alleged that the Defendant had defaulted on the note and mortgage that she executed on the property. *Id.* On November 6, 2007, the Plaintiff filed a motion for default judgment against the Defendant. [Doc. 12.] On November 28, 2007, this Court ordered the Plaintiff to file documentation by December 6, 2007 showing that it had an interest in the mortgage at the time that the complaint was filed. [Doc. 14.] As of December 10, 2007, the Plaintiff has not responded to this Court's order. For the following reasons, this Court therefore **DENIES** the Plaintiff's motion for default judgment and **DISMISSES** this case without prejudice.

Parties that file cases in federal court on the basis of diversity jurisdiction bear the burden of establishing that such subject matter jurisdiction exists. *Coyne v. Am. Tobacco Co.*, 183 F. 3d

-1-

Case No. 1:07-CV-2733
Gwin, J.

488, 493 (6th Cir. 1999). As a jurisdictional prerequisite, the plaintiff must establish that he or she has standing to bring the lawsuit in federal court. *Id.* at 494; *Lewis v. Casey,* 518 U.S. 343, 349 n.1 (1996). The issue of standing must remain open to judicial review at every stage of the litigation. *Nat'l Org. for Women, Inc. v. Scheidler,* 510 U.S. 249, 255 (1994). In order to demonstrate standing, a plaintiff must prove that he has suffered an injury in fact, the injury must be "fairly traceable" to the defendant, and the requested relief must be capable of redressing the injury. *Coyne,* 183 F.3d at 494. Article III of the U.S. Constitution requires that the plaintiff demonstrate that he has personally suffered an actual injury due to the defendant's conduct. *Id.*

In this case, the Plaintiff, LaSalle Bank, N.A., claims that it is the holder and owner of the note and mortgage executed on the Defendant's property. [Doc. 4-1.] However, upon close examination of the record, the note and mortgage provided by the Plaintiff show that the mortgagee at the time of the filing of the complaint was the original lender, New Century Mortgage Corporation. [Docs. 1-3, 1-4.] Additionally, the Preliminary Judicial Report, which the Plaintiff attached as an exhibit to the complaint, does not mention the Plaintiff at all in its record of chain of title. [Doc. 1-5.]

The Court's Fifth Amended General Order No. 2006-16, governing foreclosure cases based on diversity jurisdiction, requires the Plaintiff to file an affidavit with the complaint that identifies the Plaintiff either as the original mortgage holder, an assignee, trustee, or successor-in-interest. In its affidavit, the Plaintiff asserted that it was the owner and holder of the relevant promissory note and mortgage, but did not indicate any assignment of interest. [Doc. 4-1.] On October 8, 2007, the Plaintiff filed a notice of an assignment of the mortgage. [Doc. 6.] In that filing, the Plaintiff produced evidence showing that the original lender transferred its right, title, and interest in the

Case No. 1:07-CV-2733
Gwin, J.

relevant property to the Plaintiff on September 13, 2007, after the lawsuit was commenced. *Id*.

The record, therefore, does not show that the Plaintiff was the owner and holder of the interest, title, and rights under the mortgage and note at the time of the filing of the foreclosure complaint on September 10, 2007. Plaintiff LaSalle Bank has not produced any documentation establishing an interest in the mortgage when the lawsuit was commenced and thus does not appear to have had any ownership interest at the time that the complaint was filed. The Plaintiff, therefore, has not carried its burden of proving standing because it has not shown that it personally suffered an actual injury prior to the filing of the complaint. *Coyne*, 183 F. 3d at 494. Plaintiff LaSalle Bank has thus not met the prerequisite for establishing that subject matter jurisdiction exists in this case.

The Court, therefore, **DENIES** the Plaintiff's motion for default judgment and **DISMISSES** this case without prejudice. Accordingly, all orders of the Court and any entries by the Clerk are vacated. If the Plaintiff has information to establish that it was the owner and holder of the note and mortgage as of the date that the complaint was filed, the Plaintiff may provide that evidence to the Court and seek reconsideration of this Order.

IT IS SO ORDERED.


Dated: December 11, 2007             s/        *James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE